IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JABARI MATHIEU, | ) |
| Plaintiff. | ) |
| | ) CIVIL ACTION NO: |
| vs. | ) |
| | ) |
| FRONTIER AIRLINES INC, | ) |
| G.A.T. AIRLINE GROUND | ) |
| SUPPORT, INC., BAGS INC., | ) |
| ABC CORPORATIONS 1-3, AND | ) |
| JOHN DOES 1-3 | ) |
| Defendants. | ) |

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

COMES NOW Plaintiff, JABARI MATHIEU, and states his complaint against Defendants, as follows:

**PARTIES AND JURISDICTION**

1.

Plaintiff Jabari Mathieu is a resident of the State of Georgia.

2.

Frontier Airlines, Inc. (hereinafter "Defendant Frontier") is a corporation authorized to transact business in Georgia and is subject to the jurisdiction and venue of this Court. Service can be made on Defendant Frontier by serving its Registered Agent Corporation Service Company, 2 Sun Court, Suite 400 Peachtree Corners,

1

GA 30092 or in any manner allowed by Georgia law.

3.

Bags Inc., (hereinafter "Defendant Bags") is a corporation authorized to transact business in Georgia and is subject to the jurisdiction and venue of this Court. Service can be made on Defendant Bags by serving its Registered Agent at its principal place of business located at 1900 North Sooner Road Oklahoma City, Oklahoma, 73141, USA or in any manner allowed by law.

4.

G.A.T. Airline Ground Support., (hereinafter "Defendant G.A.T.") is a corporation authorized to transact business in Georgia and is subject to the jurisdiction and venue of this Court. Service can be made on Defendant G.A.T. by serving its Registered Agent, Corporation Service Company at 2 Sun Court, Suite 400 Peachtree Corners, GA 30092, USA or in any manner allowed by law.

5.

Defendants ABC Corporations 1-3 ("Defendants ABC"), upon information and belief, may be a company(ies) that either employed a person at fault or breached other duties owed to Plaintiff before or during the incident in question, including but not limited to breach of contractual obligations.

6.

Defendant John Doe, upon information and belief, may be an individual

that breached duties owed to Plaintiff before or during the incident in question.

7.

Plaintiff's Complaint arises out of injuries sustained while boarding and disembarking an aircraft carrier owned, controlled, and operated by Defendant Frontier on March 1, 2024.

8.

Plaintiff's Complaint arises out of injuries sustained due to services provided and regulated by Defendants and is therefore preempted by 49 U.S.C.S. app. § 1305(a)(1) of the Airline Deregulation Act, which prohibits state regulation of air carriers relating to rates, routes, or services.

9.

This Court has subject matter jurisdiction over the claims asserted herein and personal jurisdiction over Defendants.

10.

Venue is proper pursuant to, inter alia, as the cause of action, upon information and belief, originated in Fulton County, Georgia, and all Defendants conduct business in Fulton County, Georgia.

11.

Defendants are at all times relevant to the complaint herein regulated by the Federal Aviation Administration Authorization Act of 1994 and Aviation

Deregulation Act of 1978 as the subject injuries arise from boarding issues and services competed for and rendered in the scope of the regulations referenced within and as such, jurisdiction and venue of this court is proper.

## FACTS AND BACKGROUND

12.

Plaintiff re-alleges and incorporates herein by reference paragraphs above as if the same were restated herein verbatim.

13.

On March 1, 2024 Jabari Mathieu was a ticketed passenger boarding Frontier flight No. 1103, leaving Atlanta, Georgia with a destination of New Orleans, Louisiana.

14.

Mr. Mathieu was the last passenger to board the flight.

15.

Upon entering the plane, Mr. Mathieu slipped in a huge puddle of water in the entry way of the plane, causing him to fall backward and sustain serious injuries. This was witnessed by employees of Frontier airlines as well as other passengers on board.

16.

Mr. Mathieu was then assisted to his seat where he was given pain medicine by the flight crew as the crew prepared for takeoff.

17.

Mr. Mathieu was strapped into his seat experiencing excruciating pain which lead him to ensure medical assistance would be at gate upon arrival to evaluate his injuries from the fall, upon landing.

18.

Upon landing, and arrival at Louis Armstrong International Airport, it is upon information and belief readily available to plaintiff that Frontier airline staff and or agents rendered aid to Mr. Mathieu while on the aircraft.

19.

Mr. Mathieu was place into a wheelchair by Frontier staff and or agents to disembark the aircraft and enter the jetbridge.

20.

Once he was seated in the chair, Mr. Mathieu was violently thrust onto the floor of the aircraft due to staff/agents if defendant negligently failing to ensure the wheelchair was ready to transport the plaintiff.

21.

Mr. Mathieu was helped back into the wheelchair, wheeled off the aircraft, and escorted down the jet bridge by defendants staff and or agents.

22.

He was then transferred onto a gurney and transported to the Emergency Room where he underwent further treatment for his injuries.

23.

Plaintiff alleges he was injured twice while in the sole possession and custody of defendants staff and or agents when he fell upon entering the due to their negligence in allowing a liquid hazard near the boarding entrance and again when he was dropped due to the mishandling of a wheelchair on the aircraft, as staff attempted to assist him off the aircraft to receive medical attention.

## COUNT I: NEGLIGENCE OF DEFENDANT FRONTIER AIRLINES: BOARDING OF PASSENGERS

24.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 23 above as if fully set forth herein.

25.

At all times relevant, Plaintiff was a guest and invitee on Defendant Frontier's plane.

26.

At all times relevant, Defendant Frontier was the owner or occupier of the plane wherein the incident occurred.

27.

At all times relevant, all Defendant had supervisory or managerial duties and responsibilities for the plane wherein the incident occurred.

28.

As the owner and occupier of the property where the incident occurred and Plaintiff was injured, Defendant Frontier had a non-delegable duty of reasonable care to maintain and keep the premises safe for invitees such as and including the Plaintiff.

29.

As the owner and occupier of the property where the incident occurred and Plaintiff was injured, Defendant Frontier owed a duty to Plaintiff to exercise ordinary care in inspecting the premises for dangerous conditions.

30.

As the owner and occupier of the property where the incident occurred and Plaintiff was injured, Defendant Frontier owed a duty to warn guests and invitees, including Plaintiff, of the dangerous conditions.

31.

As the owner and occupier of the property where the incident occurred and was injured, Defendant Frontier owed a duty to Plaintiff to appropriately supervise the premises where the incident occurred.

## COUNT 2: NEGLIGENT HIRING, TRAINING, RETENTION & SUPERVISION:FRONTIER AIRLINES

32.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 30 above as if fully set forth herein.

33.

At all times relevant to this action, Defendant Frontier was the employer of the flight crew on the date of the said incident.

34.

At all times relevant to this action, Defendant Frontier was negligent in training and supervising its employees on proper boarding procedures for passengers boarding an aircraft.

35.

At all times relevant to this action, Defendant Frontier was negligent in training and supervising their employees concerning safety policies and procedures for inspecting and maintaining the aircraft carrier, including during the boarding process.

36.

At all times relevant to this action, Defendant Frontier was negligent in entrusting their employees with the responsibility of maintaining safe aircraft for

passengers, including Plaintiff.

37.

At all times relevant to this action, Defendant Frontier was negligent in failing to appropriately hire and retain employees to ensure the safety of their aircraft and their passengers.

38.

As a direct and proximate result of Defendant's above-referenced negligent acts and omissions, Plaintiff experienced bodily injuries, economic injuries, pain and suffering, and future damages.

39.

The puddle of water where Plaintiff slipped and fell ("the hazard/defect") was present for a sufficient period of time for Defendants to, through their agents or employees, discover the defect or hazard and correct or fix it **before** the incident occurred.

40.

On or about March 1, 2024, Defendants had actual knowledge of the hazard/defect before Plaintiff slipped and fell.

41.

Defendants breached their duty owed to Plaintiff and was negligent by, among other things:

   a.    failing to inspect the premises for dangerous

      conditions, hazard or defect, including the area where the incident occurred;

b.   failing to maintain the premises in a safe condition for invitees like and including Plaintiff, including the area where the incident occurred;

b.   failing to remove, correct or otherwise address the dangerous condition, hazard or defect;

c.   failing to take adequate measures to protect invitees from the dangerous conditions, hazard or defect;

d.   failing to warn of the dangerous conditions, hazard or defect;

e.   failing to properly supervise the premises at issue, by failing to enact, promulgate, implement or enforce policies and procedures to keep invitees and guests safe;

f.   failing to correct, mark, remove, protect and/or repair said conditions that were likely to result in the precise injuries suffered by Plaintiff; and

g.   failing to adopt appropriate policies and procedures to make sure that proper inspections for hazardous conditions or defects were performed on the aircraft, among others.

## **COUNT 3: VICARIOUS LIABILITY**

42.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 41 above as if fully set forth herein.

43.

Restated as in Paragraphs 15-18, upon landing, Mr. Mathieu was put into a wheelchair to disembark the aircraft, and once seated in the chair, he was violently thrust onto the floor of the aircraft.

44.

At all times relevant, Defendant Frontier employed/contracted/or utilized Defendant Bag, Defendant G.A.T., ABC Corporations 1-3, and Joe Does 1-3, for disembark services on the aircraft carrier.

45.

At all times relevant, the individuals responsible for inspecting, supervising and maintaining the area where the incident occurred were employed by Defendant Frontier and were acting within the scope of their employment.

46.

At all times relevant, Defendant Frontier was responsible for implementing, overseeing, supervising, and maintaining safety during aircraft disembarkation services as set forth by the Federal Aviation Administration Authorization Act of 1994.

47.

At all times relevant, Defendant Frontier was responsible for implementing, overseeing, supervising, and maintaining safety procedures of all employees, contractors, vendors, and passengers during aircraft disembarkation process as set forth by the Federal Aviation Administration Authorization Act of 1994.

48.

Defendant Frontier is responsible for the negligent conduct of these individuals and the resulting injuries to Plaintiff as enumerated herein, under the doctrine of *Vicarious Liability*, agency or apparent agency.

49.

Defendant Frontier is responsible for the negligent conduct of these individuals and the resulting injuries to Plaintiff as enumerated herein, under the doctrine of *Vicarious Liability*, agency or apparent agency.

**DAMAGES**

50.

As a direct, sole and proximate result of the recklessness, carelessness and negligence of Defendants, Plaintiff has suffered serious bodily injuries, pain and suffering, mental and emotional distress, has incurred medical costs and expenses, lost wages, and other economic losses, and will experience future pain and suffering, and incur future medical costs, expenses and other losses.

51.

Plaintiff is entitled to an award of special damages for past and future medical expenses in an amount to be shown at trial.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully prays and demands as follows:

(a) That Process and Summons issue, as provided by law, requiring Defendants to appear and answer Plaintiff Complaint;

(b) That service be had upon Defendant as provided by law;

(c) That Plaintiff have and recover damages from such Defendants, in such an amount as deemed just and appropriate to fully and completely compensate Plaintiff for all of their injuries and pain and suffering, mental, physical, and emotional, past, present, and future;

(d) That Plaintiff have and recover from Defendants, special damages for past and future medical expenses and loss of income in the past and future in such an amount as shall be proven at trial;

(e) That this matter be tried to a jury;

(f) That all costs be cast against the Defendants;

(g) For such other and further relief as this Court deems just and appropriate.

Respectfully submitted this 28th day of February 2025.

**\*SIGNATURE ON FOLLOWING PAGE\***

**THE DUCOS LAW FIRM, LLC**
*Alexander Shunnarah Trial Attorneys, of counsel*

/s/ *Kristina Ducos*

Kristina Ducos
Georgia State Bar No. 440149
*Attorney for Plaintiff*

600 Peachtree Street NE, Suite 2210
Atlanta, Georgia 30308
O: (404) 469-9574
Direct: (678) 591-7512
F: (470) 220-5130
kristina@ducoslaw.com