# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| **JABARI MATHIEU,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CASE NO. |
| | § | 1:25-cv-01075-SEG |
| | § | |
| **FRONTIER AIRLINES INC.,** | § | |
| **G.A.T. AIRLINE GROUND** | § | |
| **SUPPORT, INC., BAGGAGE** | § | |
| **AIRLINE GUEST SERVICES, LLC,** | § | |
| **ABC CORPORATIONS 1-3, AND** | § | |
| **JOHN DOES 1-3,** | § | |
| | § | |
| Defendants. | § | |

## DEFENDANT FRONTIER AIRLINES INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant Frontier Airlines, Inc. ("Defendant" or "Frontier") files this Answer in response to the allegations contained in Plaintiff's First Amended Complaint for Damages (Doc. 3) in the above-entitled and numbered cause, and in support hereof respectfully states as follows:

## PARTIES AND JURISDICTION

1. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the First Amended Complaint.

2. Defendant admits the allegations contained in Paragraph 2 of the First Amended Complaint.

3. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the First Amended Complaint.

4. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the First Amended Complaint.

5. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the First Amended Complaint.

6. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the First Amended Complaint.

7. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the First Amended Complaint.

8. Defendant admits that 49 U.S.C.S. app. § 1305(a)(1) of the Airline Deregulation Act prohibits state regulation of air carriers relating to rates, routes, or services. Defendant is without knowledge or information sufficient to form a belief

as to the truth of all other allegations contained in Paragraph 8 of the First Amended Complaint.

9. Defendant admits this Court has jurisdiction over the allegations by Plaintiff. Defendant further admits that this Court has personal jurisdiction over Defendant Frontier. Defendant is without knowledge or information sufficient to form a belief as to the truth of all other allegations contained in Paragraph 9 of the First Amended Complaint.

10. Defendant admits that venue is proper in this Court and that Defendant Frontier conducts business in Fulton County, Georgia. Defendant is without knowledge or information sufficient to form a belief as to the truth of all other allegations contained in Paragraph 10 of the First Amended Complaint.

11. Paragraph 11 of the First Amended Complaint contains a statement of law which requires no response from Defendant.

## FACTUAL BACKGROUND

12. Defendant incorporates the foregoing paragraphs as if fully set forth herein.

13. Defendant admits the allegations contained in Paragraph 13 of the First Amended Complaint.

14. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the First Amended Complaint.

15. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the First Amended Complaint.

16. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the First Amended Complaint.

17. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the First Amended Complaint.

18. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the First Amended Complaint.

19. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the First Amended Complaint.

20. Defendant denies the allegations contained in Paragraph 20 of the First Amended Complaint.

21. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the First Amended Complaint.

22. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the First Amended Complaint.

23. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the First Amended Complaint.

## **COUNT I**

24. Defendant incorporates the foregoing paragraphs as if fully set forth herein.

25. Paragraph 25 of the First Amended Complaint contains a conclusion of law requiring no response from Defendant.

26. Paragraph 26 of the First Amended Complaint contains a conclusion of law requiring no response from Defendant.

27. Paragraph 27 of the First Amended Complaint contains a conclusion of law requiring no response from Defendant.

28. Paragraph 28 of the First Amended Complaint contains a conclusion of law requiring no response from Defendant.

29. Paragraph 29 of the First Amended Complaint contains a conclusion of law requiring no response from Defendant.

30. Paragraph 30 of the First Amended Complaint contains a conclusion of law requiring no response from Defendant.

31. Paragraph 31 of the First Amended Complaint contains a conclusion of law requiring no response from Defendant.

## COUNT II

32. Defendant incorporates the foregoing paragraphs as if fully set forth herein.

33. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the First Amended Complaint.

34. Defendant denies the allegations contained in Paragraph 34 of the First Amended Complaint.

35. Defendant denies the allegations contained in Paragraph 35 of the First Amended Complaint.

36. Defendant denies the allegations contained in Paragraph 36 of the First Amended Complaint.

37. Defendant denies the allegations contained in Paragraph 37 of the First Amended Complaint.

38. Defendant denies the existence of any negligent acts and/or omissions. Defendant is without knowledge or information sufficient to form a belief as to the truth of all other allegations contained in Paragraph 38 of the First Amended Complaint.

39. Defendant denies the allegations contained in Paragraph 39 of the First Amended Complaint.

40. Defendant denies the allegations contained in Paragraph 40 of the First Amended Complaint.

41. Defendant denies the allegations contained in Paragraph 41 of the First Amended Complaint.

## COUNT THREE

42. Defendant incorporates the foregoing paragraphs as if fully set forth herein.

43. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 of the First Amended Complaint.

44. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 of the First Amended Complaint.

45. Paragraph 45 of the First Amended Complaint contains a conclusion of law requiring no response from Defendant.

46. Paragraph 46 of the First Amended Complaint contains a conclusion of law requiring no response from Defendant.

47. Paragraph 47 of the First Amended Complaint contains a conclusion of law requiring no response from Defendant.

48. Paragraph 48 of the First Amended Complaint contains a conclusion of law requiring no response from Defendant.

49. Paragraph 49 of the First Amended Complaint contains a conclusion of law requiring no response from Defendant.

## DAMAGES

50. Defendant denies the allegations contained in Paragraph 50 of the First Amended Complaint.

51. Defendant denies that Plaintiff is entitled to an award of special damages.

## PRAYER FOR RELIEF

52. Defendant denies that Plaintiff is entitled to the relief requested.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

53. Plaintiff's claims are barred inasmuch as Plaintiff's fault in the causation of his claimed injuries was greater than the fault, if any, of Frontier.

### SECOND AFFIRMATIVE DEFENSE

54. Plaintiff's recovery in this action, if any, must be diminished by the amount of Plaintiff's comparative fault.

### THIRD AFFIRMATIVE DEFENSE

55. Any injuries sustained by Plaintiff were as a result of the negligence and/or intentional conduct of entities or persons over whom Frontier had no control.

### FOURTH AFFIRMATIVE DEFENSE

56. Any amount that Plaintiff's claims, as compensatory damages, are diminished proportionately by the fault of Plaintiff, and the fault of all others who caused or contributed to the harm alleged.

### FIFTH AFFIRMATIVE DEFENSE

57. The First Amended Complaint fails to state a claim upon which relief can be granted.

### SIXTH AFFIRMATIVE DEFENSE

58. If Plaintiff sustained injuries as alleged, such injuries were the result of intervening and/superseding causes, and not Frontier's alleged acts or omissions.

## SEVENTH AFFIRMATIVE DEFENSE

59. Plaintiff failed to name a necessary party whose action and/or inactions caused or contributed to Plaintiff's alleged injuries and must be added as a party.

## EIGHTH AFFIRMATIVE DEFENSE

60. Plaintiff's claims against Defendant Frontier are barred inasmuch as Plaintiff assumed the risk of his own actions or inactions in causing his own injuries.

## NINTH AFFIRMATIVE DEFENSE

61. Plaintiff's claims against Frontier are barred by Plaintiff's failure to mitigate his claimed damages from this incident.

## TENTH AFFIRMATIVE DEFENSE

62. Plaintiff's claims may be preempted, either explicitly or implicitly, in whole or in part, by federal law, treaty or statute, including but not limited to the Airline Deregulation Act.

## ELEVENTH AFFIRMATIVE DEFENSE

63. Plaintiff's claims are subject to the provisions of the Convention for the Unification of Certain Rules for International Carriage by Air as supplemental by Frontier's applicable tariffs, tickets, and conditions of carriage (the "Montreal Convention.")

## TWELFTH AFFIRMATIVE DEFENSE

64. Plaintiff did not suffer a "bodily injury" as required by Article 17 of the Montreal Convention; therefore, Plaintiff's claims are barred as a matter of law.

## THIRTEENTH AFFIRMATIVE DEFENSE

65. Plaintiff has failed to state a cause of action against Frontier pursuant to the Montreal Convention.

## FOURTEENTH AFFIRMATIVE DEFENSE

66. Pursuant to the Montreal Convention, Plaintiff is not entitled to recover damages for emotional harm that do not arise out of the bodily injury, if any, sustained in the incident alleged in the First Amended Complaint.

## FIFTEENTH AFFIRMATIVE DEFENSE

67. Pursuant to the Montreal Convention, Plaintiff is not entitled to recover for a physical manifestation of an emotional injury.

## SIXTEENTH AFFIRMATIVE DEFENSE

68. If damages are awarded to Plaintiff, they should be reduced or offset by any sums advanced by or on behalf of Frontier pursuant to Article 28 of the Montreal Convention.

### SEVENTEENTH AFFIRMATIVE DEFENSE

69. Plaintiff's claims are barred, in whole or in part, because Frontier's acts and/or omissions were not the proximate cause of any injury or harm alleged by Plaintiff.

### EIGHTEENTH AFFIRMATIVE DEFENSE

70. Plaintiff possessed pre-existing conditions, and all of his claimed damages did not proximately result from the events complained of in his First Amended Complaint.

### NINETEENTH AFFIRMATIVE DEFENSE

71. Plaintiff's claim for recovery of medical or heath care expenses, if any, is limited to the amount actually paid or incurred by or on behalf of the Plaintiff.

### TWENTIETH AFFIRMATIVE DEFENSE

72. Plaintiff's claim for the recovery of lost wages or lost earnings is limited to, and should presented in the form of, a net loss after reduction for income tax payments or unpaid tax liability.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

73. Plaintiff's claims are barred by the applicable Statute of Limitations.

74. Frontier reserves the right to add and rely upon such other and further defenses as may become apparent during the discovery of this action and reserves

the right to amend its Answer and other pleadings to assert such additional defenses and third-party claims.

**WHEREFORE, PREMISES CONSIDERED,** Defendant Frontier Airlines, Inc. demands judgment dismissing the above-entitled and numbered cause, along with costs and disbursements, and further, awarding all such other and further relief as the Court shall deem just, equitable, and proper.

Dated: April 14, 2025.                Respectfully submitted,

*/s/ Arthur J. Park*
Arthur J. Park
Georgia Bar No. 227992
Carley N. Rampy
Georgia Bar No. 759192
*Counsel for Defendant Frontier Airlines, Inc.*

MOZLEY, FINLAYSON & LOGGINS, LLP
1050 Crown Pointe Parkway
Suite 1500
Atlanta, GA  30338
Telephone: 404-256-0700
Facsimile: 404-250-9355
apark@mfllaw.com
crampy@mfllaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing ***DEFENDANT FRONTIER AIRLINES, INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT*** using the Court's CM/ECF System, which will automatically send a copy of same to the following counsel of record:

Kristina Ducos
The Ducos Law Firm, LLC
600 Peachtree Street NE, Suite 2210
Atlanta, Georgia 30308
kristina@ducoslaw.com
*Counsel for Plaintiff*

I further certify that, pursuant to Rule 5.1(C) of the Local Rules of the United States District Court for the Northern District of Georgia, I prepared this document in 14-point Times New Roman font and complied with the margin and type requirements of this Court.

This 14th day of April, 2025.

*/s/ Arthur J. Park*
Arthur J. Park
