## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| JABARI MATHIEU,<br><br>        Plaintiff,<br><br>v.<br><br>FRONTIER AIRLINES, INC, G.A.T. AIRLINE GROUND SUPPORT, INC., BAGGAGE AIRLINE GUEST SERVICES LLC., ABC CORPORATIONS 1-3 AND JOHN DOES 1-3,<br><br>        Defendants. | CIVIL ACTION FILE NO.<br>1:25-CV-01075-SEG |

### DEFENDANT BAGGAGE AIRLINE GUEST SERVICES, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES

Defendant Baggage Airline Guest Services, LLC, ("Defendant" or "BAG"), named as a defendant in Plaintiff Jabari Mathieu's ("Plaintiff") *First Amended Complaint* (the "Complaint"), by and through undersigned counsel, and files this, its *Answer and Affirmative Defenses* thereto, further showing this honorable Court as follows:

### FIRST DEFENSE

The Plaintiff's Complaint fails to state a claim against BAG upon which relief can be granted.

## SECOND DEFENSE

BAG has breached no duty owed to Plaintiff.

## THIRD DEFENSE

BAG committed no act or omission which caused or contributed to the subject incident or the Plaintiff's alleged injuries.

## FOURTH DEFENSE

Any alleged injuries sustained by the Plaintiff were proximately caused in whole or in part by the acts or omissions of persons other than BAG, over whom BAG had no control, or by the superseding intervention of causes outside BAG's control.

## FIFTH DEFENSE

BAG breached no legal duty owed Plaintiff, and therefore Plaintiff cannot recover from BAG. At all times, BAGS exercised that degree of care required by law; therefore, Plaintiff may not recover from BAG in any sum or manner whatsoever.

## SIXTH DEFENSE

BAG demands an apportionment pursuant to O.C.G.A. § 51-12-33 to all parties and third person not party to this litigation. BAG cannot be subject to judgment for more than its *pro rata* share of the overall liability. BAG reserves the

right to amend this Affirmative Defense to identify any such non-parties within a reasonable time after discovery of the same.

## SEVENTH DEFENSE

BAG asserts the affirmative defenses set forth in <u>Federal Rules of Civil Procedure</u>, Rule 12(b)(1) – (3).

## EIGHTH DEFENSE

BAG reserves the right to assert any additional affirmative defenses as may be disclosed during the course of additional investigation and discovery.

## NINTH DEFENSE

BAG answers the individually numbered Paragraphs of the Plaintiff's Complaint as follows:

## PARTIES AND JURISDICTION

1.

Defendant lacks sufficient information to either admit or deny the allegations contained in Paragraph 1 of the Plaintiff's Complaint, so those allegations are therefore denied.

2.

The allegations contained in this Paragraph of the Complaint pertain to a party other than Defendant. Therefore, no response is required. To the extent a response is deemed necessary, said allegations are denied.

3.

Defendant denies the allegations contained in Paragraph 3 of the Complaint. Defendant states BAG is a limited liability company organized under the laws of the State of Florida and maintains a registered agent at Corporation Service Company, 1201 Hays Street, Tallahassee, Florida 32301. Defendant further states it maintains a principal place of business at 501 Santa Monica Blvd, Suite 200, Santa Monica, California 90401.

4.

The allegations contained in this Paragraph of the Complaint pertain to a party other than Defendant. Therefore, no response is required. To the extent a response is deemed necessary, said allegations are denied.

5.

The allegations contained in this Paragraph of the Complaint pertain to a party other than Defendant. Therefore, no response is required. To the extent a response is deemed necessary, said allegations are denied.

6.

The allegations contained in this Paragraph of the Complaint pertain to a party other than Defendant. Therefore, no response is required. To the extent a response is deemed necessary, said allegations are denied.

7.

Defendant lacks sufficient information to either admit or deny the allegations contained in Paragraph 7 of the Plaintiff's Complaint, so those allegations are therefore denied.

8.

Defendant lacks sufficient information to either admit or deny the allegations contained in Paragraph 8 of the Plaintiff's Complaint, so those allegations are therefore denied.

9.

Defendant denies the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10.

Defendant denies the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11.

Defendant states that the allegations contained in Paragraph 11 contain legal conclusions to which no answer is required; however, to the extent that an answer is required, Defendant denies such statements as an inaccurate or incomplete representation of the laws.

## FACTS AND BACKGROUND

### 12.

Defendant incorporates and restates its responses above as if fully set forth herein.

### 13.

Defendant lacks sufficient information to either admit or deny the allegations contained in Paragraph 13 of the Plaintiff's Complaint, so those allegations are therefore denied.

### 14.

Defendant lacks sufficient information to either admit or deny the allegations contained in Paragraph 14 of the Plaintiff's Complaint, so those allegations are therefore denied.

### 15.

Defendant lacks sufficient information to either admit or deny the allegations contained in Paragraph 15 of the Plaintiff's Complaint, so those allegations are therefore denied.

16.

Defendant lacks sufficient information to either admit or deny the allegations contained in Paragraph 16 of the Plaintiff's Complaint, so those allegations are therefore denied.

17.

Defendant lacks sufficient information to either admit or deny the allegations contained in Paragraph 17 of the Plaintiff's Complaint, so those allegations are therefore denied.

18.

Defendant lacks sufficient information to either admit or deny the allegations contained in Paragraph 18 of the Plaintiff's Complaint, so those allegations are therefore denied.

19.

Defendant lacks sufficient information to either admit or deny the allegations contained in Paragraph 19 of the Plaintiff's Complaint, so those allegations are therefore denied.

20.

Defendant lacks sufficient information to either admit or deny the allegations contained in Paragraph 20 of the Plaintiff's Complaint, so those allegations are therefore denied.

21.

Defendant lacks sufficient information to either admit or deny the allegations contained in Paragraph 21 of the Plaintiff's Complaint, so those allegations are therefore denied.

22.

Defendant lacks sufficient information to either admit or deny the allegations contained in Paragraph 22 of the Plaintiff's Complaint, so those allegations are therefore denied.

23.

Defendant lacks sufficient information to either admit or deny the allegations contained in Paragraph 23 of the Plaintiff's Complaint, so those allegations are therefore denied.

## COUNT I – NEGLIGENCE OF DEFENDANT FRONTIER AIRLINES: BOARDING OF PASSENGERS

24.

Defendant incorporates and restates its responses above as if fully set forth herein.

## 25.

The allegations contained in this Paragraph of the Complaint pertain to a party other than Defendant. Therefore, no response is required. To the extent a response is deemed necessary, said allegations are denied.

## 26.

The allegations contained in this Paragraph of the Complaint pertain to a party other than Defendant. Therefore, no response is required. To the extent a response is deemed necessary, said allegations are denied.

## 27.

The allegations contained in this Paragraph of the Complaint pertain to a party other than Defendant. Therefore, no response is required. To the extent a response is deemed necessary, said allegations are denied.

## 28.

The allegations contained in this Paragraph of the Complaint pertain to a party other than Defendant. Therefore, no response is required. To the extent a response is deemed necessary, said allegations are denied.

## 29.

The allegations contained in this Paragraph of the Complaint pertain to a party other than Defendant. Therefore, no response is required. To the extent a response is deemed necessary, said allegations are denied.

30.

The allegations contained in this Paragraph of the Complaint pertain to a party other than Defendant. Therefore, no response is required. To the extent a response is deemed necessary, said allegations are denied.

31.

The allegations contained in this Paragraph of the Complaint pertain to a party other than Defendant. Therefore, no response is required. To the extent a response is deemed necessary, said allegations are denied.

## COUNT 2 – NEGLIGENT HIRING, TRAINING, RETENTION & SUPERVISION:FRONTIER AIRLINES

32.

Defendant incorporates and restates its responses above as if fully set forth herein.

33.

The allegations contained in this Paragraph of the Complaint pertain to a party other than Defendant. Therefore, no response is required. To the extent a response is deemed necessary, said allegations are denied.

34.

The allegations contained in this Paragraph of the Complaint pertain to a party other than Defendant. Therefore, no response is required. To the extent a response is deemed necessary, said allegations are denied.

35.

The allegations contained in this Paragraph of the Complaint pertain to a party other than Defendant. Therefore, no response is required. To the extent a response is deemed necessary, said allegations are denied.

36.

The allegations contained in this Paragraph of the Complaint pertain to a party other than Defendant. Therefore, no response is required. To the extent a response is deemed necessary, said allegations are denied.

37.

The allegations contained in this Paragraph of the Complaint pertain to a party other than Defendant. Therefore, no response is required. To the extent a response is deemed necessary, said allegations are denied.

38.

The allegations contained in this Paragraph of the Complaint pertain to a party other than Defendant. Therefore, no response is required. To the extent a response is deemed necessary, said allegations are denied.

39.

The allegations contained in this Paragraph of the Complaint pertain to a party other than Defendant. Therefore, no response is required. To the extent a response is deemed necessary, said allegations are denied.

40.

The allegations contained in this Paragraph of the Complaint pertain to a party other than Defendant. Therefore, no response is required. To the extent a response is deemed necessary, said allegations are denied.

41.

The allegations contained in this Paragraph of the Complaint pertain to a party other than Defendant. Therefore, no response is required. To the extent a response is deemed necessary, said allegations are denied.

## COUNT 3: VICARIOUS LIABILITY

42.

Defendant incorporates and restates its responses above as if fully set forth herein.

43.

Defendant lacks sufficient information to either admit or deny the allegations contained in Paragraph 43 of the Plaintiff's Complaint, so those allegations are therefore denied.

44.

Defendant denies it was employed by Defendant Frontier for disembark services at the airport in New Orleans, Louisiana. All other allegations not expressly admitted are denied.

45.

Defendant lacks sufficient information to either admit or deny the allegations contained in Paragraph 45 of the Plaintiff's Complaint, so those allegations are therefore denied.

46.

Defendant lacks sufficient information to either admit or deny the allegations contained in Paragraph 46 of the Plaintiff's Complaint, so those allegations are therefore denied.

47.

Defendant lacks sufficient information to either admit or deny the allegations contained in Paragraph 47 of the Plaintiff's Complaint, so those allegations are therefore denied.

48.

Defendant lacks sufficient information to either admit or deny the allegations contained in Paragraph 48 of the Plaintiff's Complaint, so those allegations are therefore denied.

49.

Defendant lacks sufficient information to either admit or deny the allegations contained in Paragraph 49 of the Plaintiff's Complaint, so those allegations are therefore denied.

## **DAMAGES**

50.

Defendant denies the allegations contained in Paragraph 50 of the Plaintiff's Complaint.

51.

Defendant denies the allegations contained in Paragraph 51 of the Plaintiff's Complaint.

In response to Plaintiff's unnumbered WHEREFORE paragraph, Baggage Airline Guest Services, LLC denies the paragraph in its entirety, denies each and every allegation not specifically admitted hereinabove, denies that Baggage Airline Guest Services, LLC was negligent, and denies that Plaintiff is entitled to recover any amount from Baggage Airline Guest Services, LLC herein.

WHEREFORE, having fully responded to the averments in Plaintiff's *Complaint*, Defendant Baggage Airline Guest Services, LLC respectfully prays:

(a)    That judgment be rendered on Plaintiff's *Complaint* in its favor and against Plaintiff;

(b)    That the costs of Plaintiff's action be taxed against Plaintiff;

(c)    For a trial by jury of twelve (12) members; and

(d)    For such other and further relief as is meet and just.

Respectfully submitted this 14th day of April, 2025.

**GRAY, RUST, ST. AMAND,**
**MOFFETT & BRIESKE, L.L.P.**          */s/ Sean T. Herald*
950 East Paces Ferry Road, N.E.       Matthew G. Moffett
Suite 1700 – Salesforce Tower Atlanta  Georgia State Bar No.: 515323
Atlanta, Georgia 30326                Sean T. Herald
Telephone:  (404) 870-7445            Georgia State Bar No.: 246729
Facsimile:   (404) 870-1030           Morgan B. Schroeder
E-Mail:       mmoffett@grsmb.com       Georgia State Bar No.: 186218
              sherald@grsmb.com        *Attorneys for Defendant Baggage*
              mschroeder@grsmb.com     *Airline Guest Services, LLC*

## <u>CERTIFICATE OF SERVICE AND OF COMPLIANCE WITH L.R. 5.1</u>

This is to certify that on this date, the undersigned filed the foregoing with the Clerk of Court using the CM/ECF system and served all parties of record via electronic service through the CM/ECF system to:

**Kristina J. Ducos**
**The Ducos Law Firm, LLC**
**600 Peachtree Street NE, Suite 2210**
**Atlanta, GA 30308**
Kristina@ducoslaw.com

Further, this is to certify that the foregoing pleading complies with the font and point selections approved by the Court in Local Rule 5.1. It is prepared in Times New Roman 14-point font.

Dated this <u>14th</u> day of <u>April</u>, 2025.

**GRAY, RUST, ST. AMAND,**
**MOFFETT & BRIESKE, L.L.P.**          */s/ Sean T. Herald*
950 East Paces Ferry Road, N.E.          Matthew G. Moffett
Suite 1700 – Salesforce Tower Atlanta    Georgia State Bar No.: 515323
Atlanta, Georgia 30326                   Sean T. Herald
Telephone:  (404) 870-7445               Georgia State Bar No.: 246729
Facsimile:  (404) 870-1030               Morgan B. Schroeder
E-Mail:      mmoffett@grsmb.com          Georgia State Bar No.: 186218
             sherald@grsmb.com           *Attorneys for Defendant Baggage*
             mschroeder@grsmb.com        *Airline Guest Services, LLC*